IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WESTERN PENNSYLVANIA                    3:16-cv-00470-PK
ELECTRICAL FUND and GEORGE
HAROUTUNIAN,                            ORDER

            Plaintiffs,

v.

MENTOR GRAPHICS CORPORATION,
WALDEN C. RHINES, GREGORY K.
HINCKLEY, and JOSEPH REINHART,

            Defendants.


BROWN, Judge.

    Magistrate Judge Paul Papak issued Findings and

Recommendation (#72) on June 2, 2017, in which he recommends the

Court grant in part and deny in part the Motion (#50) to Dismiss

filed by Defendants Mentor Graphics Corporation, Walden C.

Rhines, Gregory K. Hinckley, and Joseph Rienhart; grant

Defendants' Requests (#52, #64) for Judicial Notice; and deny the

Motion (#54) to Strike filed by Plaintiffs Western Pennsylvania

Electrical Fund and George Haroutunian.  The parties each filed

timely Objections to the Findings and Recommendation.  The matter

1 - ORDER

is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## DISCUSSION

Plaintiffs allege Defendants violated federal securities laws by disseminating materially false and misleading statements and concealing material adverse facts regarding Mentor Graphics Corporation's then-current financial condition and growth prospects.

Defendants move to dismiss Plaintiffs' Amended Complaint (#47) on the grounds that Plaintiffs' allegations fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). In the alternative, Defendants contend the Court should dismiss Plaintiffs' First Claim for violations of § 10(b) of the Securities and Exchange Act of 1934 (the Act), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, on the grounds that (1) twenty of Defendants' forty-nine statements alleged by Plaintiffs to have been false or misleading are not actionable

2 - ORDER

pursuant to the safe-harbor provision of the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-5; (2) none of the challenged statements were, in fact, materially false or misleading; (3) Plaintiffs fail to plead adequately Defendants' scienter, a necessary element of a Rule 10(b) claim; and (4) Plaintiffs fail to plead adequately loss causation, also a required element of a Rule 10(b) claim. In addition, Defendants contend Plaintiffs fail to state a claim against Defendant Reinhart. Finally, Defendants contend the Court should dismiss Plaintiffs' Second Claim for violation of § 20(a) of the Act on the ground that it is derivative of Plaintiffs' failed First Claim.

In the Findings and Recommendations the Magistrate Judge recommends this Court deny in part Defendants' Motion to Dismiss based on the fact that Plaintiffs' allegations comply with the requirements of Federal Rule of Civil Procedure 8(a). The Magistrate Judge also recommends this Court deny in part Defendants' Motion on the ground that the Court cannot determine at this stage whether certain statements were false or misleading as a matter of law and that this issue presents questions for a jury. The Magistrate Judge further recommends this Court deny Defendants' Motion as to Plaintiffs' claim against Reinhart on the ground that Plaintiffs have stated a plausible claim against Reinhart.

The Magistrate Judge also recommends this Court grant in part Defendants' Motion to Dismiss on the ground that Plaintiffs fail to state adequately facts that support the requisite scienter as to Plaintiffs' First Claim. The Magistrate Judge also recommends this Court grant in part Defendants' Motion on the ground that Plaintiffs fail to allege adequately loss causation premised on Defendants' alleged misrepresentations or omissions regarding Mentor's loss of Intel's emulation business. The Magistrate Judge also recommends this Court grant Defendants' Motion as to Plaintiffs' Second Claim on the ground that it is derivative of Plaintiffs' First Claim.

Although the Magistrate Judge recommends granting in part and denying in part Defendants' Motion to Dismiss, the Magistrate Judge, nevertheless, also recommends this Court dismiss without prejudice Plaintiffs' Amended Complaint in its entirety on the grounds that Plaintiffs have failed to allege adequately facts that support the requisite scienter as to Plaintiffs' First Claim pursuant to § 10(b) and Rule 10b-5 of the Act and Plaintiffs' Second Claim is derivative of Plaintiffs' First Claim. The Magistrate Judge recommends, however, the Court grant Plaintiffs leave to amend their Complaint.

Even though both parties filed Objections to the Findings and Recommendations and Plaintiffs submitted supplemental authority in support of their Objections, the parties primarily

reiterate the arguments made in their original papers. Defendants, however, also challenge the Findings and Recommendations on the ground that the Magistrate Judge did not address Plaintiffs' failure to allege the risks set forth in their SEC filings had fully materialized. The Court disagrees. The Magistrate Judge, relying on Ninth Circuit authority, concluded Plaintiffs sufficiently alleged the risk factor claims and a jury question remained whether such warning was misleading.

This Court has carefully reviewed the record, considered the parties' Objections, and concludes the Objections do not provide a basis to modify the Magistrate Judge's Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#72), and the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (#50) to Dismiss as indicated in the Findings and Recommendation. The Court also **GRANTS** Defendants' Requests (#52, #64) for Judicial Notice and **DENIES** Plaintiffs' Motion (#54) to Strike. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' Amended Complaint and **GRANTS** Plaintiffs leave to amend their Complaint.

5 - ORDER

The Court returns this matter to the Magistrate Judge to set a deadline for Plaintiffs to file an amended Complaint and for further handling consistent with this Order.

IT IS SO ORDERED.

DATED this 23rd day of August, 2017.

_____
ANNA J. BROWN
United States Senior District Judge